UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:15-cr-00185-KJD-GWH |
|---|---|
| Respondent, | 2:17-cv-3065-KJD |
| v. | ORDER |
| PRAKASH KUMAR, | |
| Movant. | |

Presently before the Court is Movant's Motion to Enlarge Time to File § 2255 (#44) and Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 18 U.S.C. § 2255 (#45). The Government filed a response in opposition (#52) to both motions. Finally, before the Court is Defendant's Emergency Motion for Order Reducing or Modifying Sentence Under 18 U.S.C. § 3582 (#47). The Government filed a response in opposition (#49) to which Defendant replied (#51).

I. Background

In June of 2014, a federal investigator conducted an online BitTorrent file-sharing investigation, and connected with a computer, which had files of child pornography available for sharing. The investigator was able to download 47 files containing images of child pornography. The files depicted minors under the age of ten engaged in sexual conduct with adults. The IP address associated with the downloaded images was associated with Movant's residence in Las Vegas, Nevada. Multiple devices were seized from the residence.

Movant had set up the home internet. Movant's wife spoke to investigators and explained that she did not use file sharing programs (leaving Movant as the BitTorrent user on multiple devices). Forensics showed numerous videos and images of prepubescent children engaged in sexual acts with adults on the Kumar's computers, phone, and other devices located in the

residence. This included the BitTorrent software being installed on multiple devices.

In June 2015, a federal grand jury returned a one count indictment charging Defendant Kumar with receipt/distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). Before his initial appearance, Kumar retained the services of Robert Draskovich, a federal practitioner with extensive experience defending child sexual abuse material cases. In May of 2016, Kumar entered into a favorable plea agreement with the government. Compared to the facts and guideline calculation in the PSR, that plea agreement provided (differences italicized):

| **Plea Agreement** | | **Presentence Investigation Report** | |
|---|---:|---|---:|
| Base Offense Level | 22 | Base Offense Level | 22 |
| Prepubescent Minor | +2 | Prepubescent Minor | +2 |
| Distribution | +2 | Distribution | +2 |
|  |  | *Sadistic/Masochistic Images* | *+4* |
| Use of a Computer | +2 | Use of a Computer | +2 |
| *Number of Images* | *+3* | *Number of Images* | *+5* |
| Acceptance of Responsibility | -3 | Acceptance of Responsibility | -3 |
| Adjusted Offense Level | 28 | Adjusted Offense Level | 34 |
| **Guideline Range** | **78-97 Months** | **Guideline Range** | **151-188 Months** |

Draskovich had negotiated a very favorable resolution, including limiting the government's ability to argue for a higher sentence.

Kumar's plea agreement also included express waivers of almost all appeal and post-conviction rights and remedies. Kumar reserved only two exceptionally narrow rights – (1) "the right to appeal any portion of the sentence that [was] an upward departure from the Sentencing Guidelines range determined by the Court," and (2) the right to raise "non-waivable claims of ineffective assistance of counsel" in a § 2255 petition. The Court accepted Kumar's plea.

Draskovich filed a lengthy sentencing memorandum urging the Court to adopt the guidelines in the plea agreement over those in the PSR. This Court adopted the guidelines in the

plea agreement. On October 26, 2016, the Court sentenced Kumar to 78 months in custody, with 25-years of supervised release to follow. The Court entered the Judgment on October 28, 2016, and corrected the docket text on October 31, 2016, without changing the Judgment. More than a year later, on December 11, 2017, Kumar filed the instant pro se § 2255 in addition to seeking an extension of time. On August 3, 2020, the Court ordered the government to respond to Defendant's motions.

II. Timeliness

A one-year period of limitation applies to a motion brought pursuant to 28 U.S.C. § 2255 ("2255"). The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Kumar has not raised any arguments, or pointed to any facts, that would suggest one of the dates provided for by subsections 2255(f)(2), (3), or (4) would apply. Therefore, the clock on his 2255 motion began to run on the date that his judgment became final.

For a federal habeas petitioner, a judgment becomes final and the period to file a 2255 motion begins "upon the expiration of the time during which [the petitioner] could have sought review by direct appeal." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Kumar did not file a direct appeal. By operation of law, then, the judgment became final upon expiration of the time for Kumar to file an appeal (14 days after entry of judgment). See Fed. R. App. P. 4(b)(1). Judgment was entered on October 28, 2016. Thus, for purposes of 28 U.S.C. § 2255(f)(1), Kumar had until November 11, 2017, to timely file a § 2255 motion challenging the Judgment. Because Kumar filed his motion on December 11, 2017, the motion is untimely.

- 3 -

1    The Ninth Circuit permits equitable tolling of the 2255 statute of limitations "only if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The Ninth Circuit has stated that "district judges will take seriously Congress' desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099, 118 S. Ct. 899 (1998), *overruled on other grounds*, Calderon v. United States Dist. Ct., 163 F.3d 530 (9th Cir. 1998) (en banc), *cert. denied*, 526 U.S. 1060, 119 S. Ct. 1377 (1999). In fact, because the clearly established purpose of the one year period of limitation is to "accelerate the federal habeas process," the Ninth Circuit has concluded that "[e]quitable tolling will not be available in most cases." See id.

Defendant bears the burden of proving that he merits equitable tolling because he asserts that his late filing resulted from extraordinary circumstances. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). But Kumar's reasons for seeking an extension of time are not "extraordinary circumstances" that require equitable tolling of the period of limitation. Though access to typewriters and/or research terminals may be limited, he had one year to prepare his petition and has presented no evidence that this was insufficient to overcome scheduling issues with the typewriters.

As argued by the government, if the Court adopted Kumar's assertions, every person housed at FCI Terminal Island is eligible for equitable tolling because of an alleged undersupply of typewriters and legal research terminals. However, if a situation equally effects 1,200 inmates, then it cannot be extraordinary. To be sure, Kumar's situation is not extraordinary—it is the standard condition of prison confinement. Given the common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule, and AEDPA's limitations period would be tolled for every prisoner. Preparation and planning are within the resources of each inmate, and in this case, Kumar. Therefore, the Court denies Kumar's motion to extend time. His petition is untimely and must be dismissed.

III. Alternative Consideration on the Merits

Out of an abundance of caution, and to promote judicial efficiency, the Court will, alternatively, analyze each of Petitioner's claims on the merits. Even if the present motion was timely, the Court would deny Petitioner's claims.

A. Kumar's First Three Claims are Barred by the Appellate Waiver in his Plea Agreement

The right to appeal or collaterally attack one's sentence is derived by statute, and "[a] knowing and voluntary waiver of a statutory right is enforceable." United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). The Ninth Circuit has further explained that "public policy strongly supports" plea agreements containing such waivers, reasoning that finality is "perhaps the most important benefit of plea bargaining." United States v. Navarro–Botello, 912 F.2d 318, 322 (9th Cir. 1990). A waiver of the right to appeal or collaterally attack a sentence or conviction is "is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v. Lo, 839 F.3d 777, 783 (9th Cir. 2016) (internal citations omitted) (citing United States v. Medina–Carrasco, 815 F.3d 457, 461 (9th Cir. 2016)); see, e.g., United States v. McTiernan, 552 F. App'x 749, 750 (9th Cir. 2014).

Further, an otherwise valid waiver is not rendered unenforceable by a subsequent change in the applicable sentencing law. See United States v. Johnson, 67 F.3d 200, 202 (9th Cir. 1995) ("The fact that [a defendant] did not foresee the specific issue that he now seeks to appeal does not place the issue outside the scope of the waiver."); see also United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005) (collecting case and stating "there is abundant case law that appeal waivers worded as broadly as this one are effective even if the law changes in favor of the defendant after sentencing").

In his plea agreement, Kumar reserved only the right to raise a non-waivable ineffective assistance of counsel claim. ECF No. 26, at 13 ("The defendant knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255 . . . except non-waivable claims of ineffective assistance of counsel ["IAC"]."). Therefore, because his arguments on

claims one, two, and three fall outside the framework of an IAC claim, he has waived those arguments and if they were timely the Court would dismiss them based on his waiver.

### B. Claim One: Distribution Enhancement - U.S.S.G. § 2G2.2(b)(3)(F)

Defendant claims that the Court erred by applying an enhancement under the Sentencing Guidelines whose amendment, set to take effect five (5) days after his sentencing, would have caused a different result in his case. However, "[a]lthough collateral review under section 2255 is . . . quite broad, 'it does not encompass all claimed errors in ... sentencing.' If a petitioner does not allege lack of jurisdiction or constitutional error, an error of law will not provide a basis for habeas relief unless that error 'resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure.'" Hamilton v. United States, 67 F.3d 761, 763–64 (9th Cir. 1995) (citations omitted).

Kumar's contention that he should be resentenced because of Amendment 801 raises neither a claim of constitutional nor jurisdictional error. Further, a "'district court's failure to apply a guideline that was not effective at the time of sentencing does not give rise to a complete miscarriage of justice.'" Id. at 764. Accordingly, Kumar's first claim is not cognizable under § 2255, and the Court lacks authority to resentence him under § 2255 on this basis. See id. at 764 (holding that the district court lacked authority to resentence the defendant under § 2255 where "[the defendant]'s contention below—that he be resentenced in light of Amendment 433—raised neither a claim of constitutional nor jurisdictional error").

Although the Court could construe Kumar's pro se motion as a request for resentencing under 18 U.S.C. § 3582, see id., the Court declines to do so because Kumar would also not be entitled to relief under that provision. 18 U.S.C. § 3582(c)(2) allows a district court to reduce a defendant's term of imprisonment if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

1  "The 'applicable policy statement' relevant here is § 1B1.10 of the Sentencing
2  Guidelines," United States v. Ornelas, 825 F.3d 548, 550 (9th Cir. 2016), which gives the court
3  the discretion to reduce a term of imprisonment "[i]n a case in which a defendant is serving a
4  term of imprisonment, and the guideline range applicable to that defendant has subsequently
5  been lowered as a result of an amendment to the Guidelines Manual listed in" § 1B1.10(d). See
6  U.S.S.G. § 1B1.10(a)(1). The Sentencing Guidelines emphasize that "[a] reduction in the
7  defendant's term of imprisonment is not consistent with this policy statement and therefore is not
8  authorized under 18 U.S.C. § 3582(c)(2) if—(A) none of the amendments listed in subsection (d)
9  is applicable to the defendant[.]" U.S.S.G. § 1B1.10(a)(2). Amendment 801 is not listed among
10 those amendments covered by § 1B1.10. Because the Sentencing Commission did not list
11 Amendment 801 as permitting a sentence reduction under § 3582(c)(2), the Court lacks the
12 authority to reduce Kumar's sentence and denies Defendant's 2255 based on this ground. United
13 States v. Cueto, 9 F.3d 1438, 1440–41 (9th Cir. 1993).
14     Furthermore, the Court would decline to grant Defendant's 2255 because the evidence
15 showed that Defendant did, in fact, knowingly distribute pornography. Amendment 801 amended
16 U.S.S.G. "§ 2G2.2(b)(3)(F) to provide that the two-level distribution enhancement applie[s] if
17 'the defendant knowingly engaged in distribution.'" U.S.S.G., Supp. to App'x. C, Am. 801 at
18 145 (Nov. 1, 2016) ("[T]he Commission determined that the 2-level distribution enhancement is
19 appropriate only in cases in which the defendant knowingly engaged in distribution."), available
20 at https://www.ussc.gov/sites/default/files/pdf/guidelines-
21 manual/2016/APPENDIX_C_Supplement.pdf. The forensics showed that Kumar was a
22 sophisticated computer user who had used file sharing programs on multiple devices. BitTorrent
23 provides a warning for each download of its software explaining that use of the program
24 inherently includes distributing files saved in the shared folder. This evidence is sufficient to
25 support a two-level distribution enhancement. See United States v. Gibson, 783 F. App'x 653,
26 655 (9th Cir. 2019). Therefore, the Court would have imposed the distribution enhancement even
27 if it had considered the Amendment.
28

### C. Claim Two: Two-level downward departure under U.S.S.G. 2G2.2(b)(1)-conduct limited to receipt

A defendant is entitled to a two-level reduction if his "conduct was limited to the receipt or solicitation" of child sex abuse material, and he "did not intend to traffic in, or distribute such material." U.S.S.G. § 2G2.2(b)(1). Intent to distribute is irrelevant to the reduction. United States v. Peraza, 799 F. App'x 549, 550 (9th Cir. 2020); United States v. Bleau, 930 F.3d 35, 40 (2d Cir. 2019); United States v. Hodge, 805 F.3d 675, 684 (6th Cir. 2015); United States v. Abbring, 788 F.3d 565, 568 (6th Cir. 2015); United States v. Ray, 704 F.3d 1307, 1313 (10th Cir. 2013).

Kumar was not entitled to the two-level reduction because he admitted in his plea agreement that he made files of child pornography available for sharing and that an "investigator was able to download 47 files containing images of child pornography," from him. ECF No. 26, at 4. This correlates with the facts of Peraza and Bleau, where the defendant's computer was equipped with peer-to-peer file-sharing software, and law enforcement was able to download from him. Peraza, 799 F. App'x at 550; Bleau, 930 F.3d at 40. Because Kumar's conduct was not limited to receipt or solicitation, but rather included allowing an investigator to actually download from him, he is not entitled to the two-level reduction under § 2G2.2(b)(1) and the Court denies his 2255 motion based on this claim.

### D. Claim Three: Resentencing under Amendments 810 and 811

Kumar's third claim fails for three reasons. First, neither amendment is covered by § 1B1.10. Section 3E1.1's application note regarding good faith, non-frivolous objections to relevant conduct was re-worded and clarified in Amendment 810. See https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2018/APPENDIX_C_Supplement.pdf. Amendment 810 explained that a defendant's good faith, non-frivolous objection to relevant conduct contained in the plea agreement was not a basis to withholding acceptance of responsibility points, but rather that the court needed to evaluate contrition. Id. Section 5C1.1's application note regarding non-violent first time offenders in Zone A and B of the sentencing table inserted language in Amendment 811. Id. Amendment 811 provided that non-violent first-time offenders whose

guideline ranges fell within Zones A and B should be eligible for probation. Id. Because Amendments 810 and 811 are not listed in § 1B1.10, this court lacks the authority to reduce Kumar's sentence based on them. Cueto, 9 F.3d at 1440–41.

Second, Kumar agreed in his plea agreement that the distribution enhancement applied. Therefore, even if Amendment 810 was in effect at the time of Kumar's sentencing, there was no "chilling" of his speech in so far as he had already admitted under the penalty of perjury that the Court should apply the enhancement.

Third, even if Amendment 811 was in effect at the time of Kumar's sentencing, Kumar's guideline range did not fall within Zones A or B of the sentencing guideline table. Therefore, these amendments do not apply to him and the Court would deny his 2255 motion based on these claims if his petition was timely.

### E. Ineffective Assistance of Counsel

To bring any defaulted claims, Petitioner would first have to show that his counsel was ineffective for failing to raise them in the first place. To prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Supreme Court has explained that courts evaluating ineffective assistance claims "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance" and that a defendant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Harrington v. Richter, 562 U.S. 86, 104 (2011) (internal citations and quotations omitted). The Court said that "the standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." Id. at 105. This test also applies in the plea context. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Counsel's "failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) (citing reference omitted).

1    Kumar's retained counsel, Robert Draskovich, an experienced federal practitioner with
2    extensive familiarity with the child pornography guidelines, was not ineffective for failing to
3    raise meritless arguments. Id. Draskovich would have no legal basis to object to the distribution
4    enhancement or the failure to reduce for receipt-only conduct for several reasons.
5    First, Amendment 801 was not in effect at the time of Kumar's sentencing. Second, even
6    if Amendment 801 had been in effect, the facts of the case precluded the argument. Likewise,
7    because the investigator was able to download child pornography from Kumar, he was precluded
8    from any reduction for receipt-only conduct. Third, even if the facts had not precluded the
9    arguments, Kumar agreed in his plea agreement that the enhancement applied.
10   If Draskovich had made the objections Kumar contends he should have, he would be
11   making a legally unsupported argument that breached the plea agreement. Had Draskovich done
12   so, Kumar would have ended up with a significantly higher adjusted offense level, and would
13   have enabled the government to argue for a plus five enhancement for the number of images (a
14   concession made by the government in favor of the plea), and an additional four level
15   enhancement based on the nature of the images (an enhancement supported by the facts but
16   foregone by the government in favor of the plea). Indeed, the PSR calculated Kumar's guideline
17   range at 151-181 months. Draskovich's performance only inured to Kumar's considerable
18   benefit. Therefore, his fourth claim for ineffective assistance of counsel would also be denied.

IV. Certificate of Appealability

20   To appeal this order, Kumar must receive a certificate of appealability. 28 U.S.C. §
21   2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1 (a). To obtain that certificate, he "must
22   make a substantial showing of the denial of a constitutional right, a demonstration that ...
23   includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the
24   petition should have been resolved in a different manner or that the issues presented were
25   adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-
26   84 (2000) (quotation omitted). This standard is "lenient." Hayward v. Marshall, 603 F.3d 546,
27   553 (9th Cir. 2010) (en banc).
28   However, Defendant failed to file a timely § 2255. On the merits, he signed a valid plea

waiver that applies to most of the claims he raised. Further, even if they had been raised, they were unquestionably meritorious and would have been rejected by the Court. In other words, Defendant has not demonstrated that a reasonable jurist could even debate about whether Kumar suffered a denial of a constitutional right. Accordingly, the Court denies Kumar certificate of appealability.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that Movant's Motion to Enlarge Time to File § 2255 (#44) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 18 U.S.C. § 2255 (#45) is **DENIED**;

IT IS FURTHER ORDERED that Defendant is **DENIED** a Certificate of Appealability;

IT IS FINALLY ORDERED that that the Clerk of the Court enter **JUDGMENT** for Respondent and against Movant in the corresponding civil action, 2:17-cv-3065-KJD, and close that case.

Dated this 29th day of October 2020.

Kent J. Dawson
United States District Judge